THE STATE v. CUNNINGHAM, *Appellant.*

Division Two, November 19, 1895.

1. **Criminal Practice**: GRAND JURY: RETURN OF INDICTMENT. The recital in the record that the grand jury returned into open court an indictment, shows that the court was in session · when it was returned.

2. ——: ——: A special grand jury may return indictments.

3. ——: INSTRUCTIONS: APPEAL. A conviction will not be disturbed on appeal because of omission to instruct as to credibility of witnesses, the evidence being substantially all· one way, and showing defendant guilty beyond any doubt.

*Appeal from Audrain Circuit Court.*—HON. E. M. HUGHES, Judge.

AFFIRMED.

*Edmonston & Cullen* for appellant.

(1) It does not appear that court was in session or open the day the indictment was returned. No opening orders appear in the record. This is fatal to a verdict of guilty. R. S., sec. 4092. (2) The grand jury that returned the indictment was a "special" grand jury, and, it not appearing that this offense was given them on charge, the motion to quash should

have been sustained. (3) The jury should have been instructed that if they believed any witness knowingly testified falsely as to any material fact in the case, they were at liberty to disregard the whole or any part of such witness's testimony. The state of the case called for it. *State v. Dwire*, 25 Mo. 553; *Gillet v. Wimer*, 23 Mo. 77; *State v. Mix*, 15 Mo. 153; *Paulette v. Brown*, 40 Mo. 58; *Brown v. Railroad*, 66 Mo. 600; *State v. Martin*, 124 Mo. 522. (4) This was a question of law arising in the trial of the case, and for the jury's information in giving their verdict it was necessary that they be properly instructed, and a failure to do so, whether requested or not, is reversible error. R. S., sec. 4208; *State v. Taylor*, 118 Mo. 153.

*R. F. Walker*, attorney general, for the state.

(1) The instructions in this case are in the approved form, clearly presenting the law in the case, and are not subject to the criticisms urged by the defendant. They cover very fully all the questions of law arising in the case. (2) The sufficiency of the testimony will not be reviewed here, for the reason that it is not preserved. In the absence of the testimony given upon the trial, this court will presume that it was sufficient to authorize the verdict rendered by the jury. *State v. Fritterer*, 65 Mo. 442. Where the inference of guilt may be reasonably drawn from the evidence, the verdict will not be disturbed. *State v. Banks*, 118 Mo. 117. (3) There is nothing to review on the rulings on the evidence, no testimony that was offered being excluded.

BURGESS, J.—After having been indicted by a special grand jury in the circuit court of Audrain county, for assaulting with intent to kill, with malice

aforethought, one Emma Hill, at said county, on the seventh day of December,1894, defendant was put upon his trial at the same term, convicted, and his punishment fixed at five years' imprisonment in the state penitentiary. After an unsuccessful motion for a new trial he appealed.

Defendant's first contention is that it does not appear from the record that the court was in session or open the day the indictment was returned. This, however, is not sustained by the record which contains the following entry: "And now at this day, January 22, 1895, comes the special grand jury heretofore impaneled, into this court, and, through their foreman, A. J. Douglass, returned into *open* court here the following indictment." Then follows an entry of "State *v.* Cunningham, assault with intent to kill." It thus clearly appears that court was in session when the indictment was returned, as the record expressly shows that the grand jury returned into *open* court, etc., which evidently means that the court was in session at that time.

The next contention is, that the grand jury that returned the indictment was a "special" grand jury, and had no authority to find the indictment in this case. There is no merit in this contention, nor has any reason been suggested in support of it.

It was finally argued that the court should have instructed the jury as to the credibility of the witnesses, and that its failure to do so is reversible error. A sufficient answer to this contention is that the evidence was substantially all one way, and showed defendant guilty, beyond any doubt, of a willful and malicious assault, for which there was not the slightest provocation. His trial was manifestly fair, and the judgment should be affirmed. It is so ordered. All of this division concur.